IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID C. TATE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 13-5404 |
| CITY OF PHILADELPHIA, et al. | : | |

**ORDER**

AND NOW, this 3rd day of February, 2015, for the reasons set forth in the accompanying Memorandum, it is ORDERED:

- Defendant City of Philadelphia's Motion to Dismiss (Document 16) is GRANTED.

- Defendants Philadelphia District Attorney's Office and Assistant District Attorney Rich Bauer's Motion to Dismiss (Document 17) is GRANTED.

- Pro se Plaintiff David C. Tate's Motion to Dismiss Defendant No. Five City of Philadelphia Motion to Dismiss (Document 18) is DENIED.

- Tate's Motion to Dismiss Defendant Philadelphia District Attorney's Office and Assistant D.A.'s Rich Bauer Motion to Dismiss (Document 19) is DENIED.

It is further ORDERED:

- Tate's claims against the Philadelphia Police Department are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

- Tate's claims against the Philadelphia District Attorney's Office are DISMISSED with prejudice.

- Tate's claims based on Assistant District Attorney Rich Bauer's initiation and prosecution of criminal charges against Tate are DISMISSED with prejudice.

- Tate's claims against Officer Robert Radanauer for false imprisonment, false arrest, and malicious prosecution are DISMISSED with prejudice.

- Tate's claims against the City of Philadelphia and any claims against Assistant District Attorney Rich Bauer based on the search of Tate's apartment are DISMISSED without prejudice. Tate shall have until March 2, 2015, to file a second amended complaint that addresses the deficiencies in those claims. If he fails to file a second amended complaint by March 3, 2015, the Court will dismiss those claims with prejudice. If Tate chooses to file a second amended complaint, he shall identify all Defendants in the caption of the pleading and shall clearly state the basis for his claims against each Defendant. Any second amended complaint shall be a complete document and shall not refer back to any other pleadings that Tate filed in this case. Tate shall not reassert any claims that have been dismissed with prejudice.

It is further ORDERED Tate's Motion to Appoint Counsel (Document 11) is DENIED without prejudice to reassertion once he files his second amended complaint.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.